We are thrilled to have with us here today Judge Moody from the Middle District of Florida. He's been with us today and yesterday and we really appreciate his help. I think you're all familiar with our lighting system, but just as a reminder, please do comply with the lighting system when the red light goes on. You can of course finish up your thought. And if we have any questions, please answer those questions. We wouldn't take beyond the time if we weren't interested in your answers. But other than that, please do try to comply with the light system. All right, our first case today is United States v. Malone. Robert Phillips Good morning, Your Honor, and may it please the Court, I'm Rob Phillips on behalf of Brandon Malone, the defendant appellant in this case. The United States government induced Brandon Malone into waiving one of his most sacred constitutional rights, that is the right to a trial by a jury of his peers in exchange for promises that the government did not keep. First, the government promised Mr. Malone that it would only oppose a two-level reduction for his acceptance responsibility in the event that Mr. Malone subsequently acted inconsistent with that acceptance of responsibility. What remedy do you seek? Your Honor, in this case, we seek to vacate the 71-month sentence that the district court issued to Mr. Malone and remand to the district court for resentencing. My problem with your case is this. I understand your argument is that the behavior of the defendant prior to the guilty plea should not have been considered. All right. You realize that the sentencing proceeding is an adversary system under the guidelines? Yes, sir. Okay. So the pre-sentence investigator report detailed all that behavior that you're objecting to, and then the officer used it along with the other information in recommending the guideline range and everything else. You objected to the failure of the court to accept responsibility or the probation officer. He recommended against it. Yes, sir. So that's the way the case was tried to the district court of sentencing. That's correct, Your Honor. Okay. The objection was to the denial of acceptance of responsibility. There was nothing said, as I recall, at the sentencing hearing, and no objection to the probation officer, considering those paragraphs in the PSI. That's right, Your Honor. Okay. So how can we find the judge to have committed error, regardless of what the government may or may not have done, because you didn't object to the PSI. That's the pre-trial stipulation. What was sent to the judge for adjudication at the sentencing hearing was accepted as a responsibility, and the evidence in support of denying it was what you're complaining about. Yes, Your Honor. All right. But I find nothing before the judge, or even in the PS, you should have objected in the PSI on the ground that that information could not be taken into account, but you didn't. Well, Your Honor, the trial counsel did not. I'm sorry. Trial counsel did not. Understood. And, Your Honor, we are certainly under clear error review here. There's no argument on that point. We can see that in our briefs. All right. So what case in precedent would tell the district judge that he could not do what he did? Well, Your Honor, for example, your opinion for the court in Romano, United States v. Romano reversed on clear error review a district court's sentencing based on a breach of a plea agreement. So there is not only this. But there wasn't a breach of a plea agreement being argued to the district judge at sentencing. Well, Your Honor, I think it's important here to look at, you know, this is a case in a circumstance where counterfactuals are obviously going to come up. Here, absent the government's breaching conduct, you don't have extensive testimony on that alleged pre-plea agreement conduct, which, to my knowledge, still remains denied by Mr. Malone to this day. It certainly was denied at the time that denial was noted in the precedent's report. So you're not going to have extensive argument from government counsel on that point in violation of the pre-plea agreement. You're not going to have a... Well, if we send it down, if we vacate the sentence and send it down, we're doing so on something that was not brought to the district judge's attention in any way. That's right, Your Honor, but... Okay. So it's as if we are a collateral attack here. I don't think so, Your Honor. I think that is the... Well, you want us to take into account evidence the district judge did not take into account. That's right. Wait a minute. When... That's new evidence. That is a collateral attack in the Court of Appeals, is it not? Well, I think clear error review... But there's no clear error in this case. There's no clear error in this case because you had a pretrial stipulation, basically, which said the issue was whether or not acceptance or responsibility should be denied. And the evidence on which the judge ruled was unobjected to, totally. So we couldn't find the judge committed clear error in any way in applying the acceptance guideline. I would respectfully disagree on that point, Your Honor, because with all due respect to the district court judge, I don't think this was properly teed up for him, but the pre-sentence... Excuse me, the plea agreement itself, paragraph 3 of the plea agreement itself, which says that the government solely reserves the right... There's nothing to prevent your client from filing a 2255 in the district court on the ground that the plea was induced inappropriately because of the favor of the government to do something. Your Honor, that may well be an option for... Well, that's why we don't entertain collateral tax on appeal, on new evidence. With all due respect, Your Honor, I don't think it's new evidence in the sense that the plea agreement itself was before the district court judge. Not at sentencing. Well, before sentencing, Your Honor, it was... But not at sentencing. It was before the court when he accepted the plea, but not at sentencing. The pre-sentence report was subjected to at sentencing... On the ground that it denied acceptance or responsibility, but not on the ground that the denial was based on inappropriate evidence. That's right, Your Honor, because at the sentencing hearing itself, that's when the inappropriate evidence was solely in the government's word relied on. And in any event, Your Honor, there is another issue here where the government also promised Mr. Malone that it would recommend a within guidelines sentence at the sentencing hearing. And although the government did pay lip service to use this court's terminology and terminology of other courts of appeals, it actively and forcefully undercut that recommendation throughout the sentencing hearing before the district court. So, if I could get back to the first point, Your Honor, on the opposition to the acceptance of responsibility. In the plea agreement, paragraph 3, the government reserved the right to oppose the two-level reduction on very narrow and limited circumstances. That is that in the event that it gained information that Mr. Malone acted inconsistent with that acceptance of responsibility after that February 18th plea agreement, then that would be the time for the government to oppose that two-level reduction. However, at sentencing, we don't have to speculate as to the government's motivation there. It said clearly, and to use the government's terminology again, solely, it was relying solely on Mr. Malone's alleged pre-plea agreement conduct. Now, for the very first time on appeal, the government does offer a new argument. It says that, you know, it's actually Mr. That's what triggered our opposition to the two-level reduction for acceptance of responsibility. But once again, we need look no further than page 30 of the sentencing transcript where the government says, Your Honor, we're solely relying on the pre-plea agreement conduct and in fact, we were not privy to this interview with probation. So, that's not a basis by which we are opposing this conduct, opposing this acceptance of responsibility. As to the under clear view, the substantial effect on Mr. Malone's rights on that first breach, this court has held on a couple of occasions that use of incorrect sentencing guidelines does constitute a substantial effect of the defendant's rights. Here, the district court operated under a 57 to 71 month sentence guideline range. It's our position that absent the government's breach, there would be a reasonable probability that the court would have, in fact, accepted the two-level reduction. And while that does call for a bit of a counterfactual, I would submit, Your Honor, that this court and every court recognizes the United States government's special role in criminal prosecutions. What the government says holds a lot of weight before courts and it should. So, you know, where the government lives up to its word here, in this case, we think that's substantial weight that would have pointed in favor of that two-level reduction for Mr. Malone's acceptance of responsibility. And the district court did show its work a little bit at page 47 of the sentencing transcript where when it denied the motion, denied the objection to the pre-sentence report on the grounds of acceptance of responsibility, it said it took into consideration three things. The pre-sentence report itself, testimony from witnesses at the sentencing hearing, and arguments of counsel. But for the government's breach of paragraph three of the plea agreement, we respectfully submit that the last two of those threes would have never been present in this case. You wouldn't have government's counsel opposing solely based on pre-plea agreement conduct. You wouldn't have a live witness testify solely about that alleged pre-plea agreement conduct. And as this court said recently in United States v. Corbett that where there is a guidelines error that affects a defendant's right, it also affects the fairness of the underlying judicial proceeding. And in the just over a minute I have, Your Honor, in my argument in chief, I'd like to get to that second breach of the plea agreement. The United States in paragraph two of the plea agreement promised that it would recommend a within-sentence guideline at sentencing. And while it did, at least in name only, recommend a 66-month within-sentence guideline at the sentencing hearing, the government actively undercut that argument and frankly advanced a position that was simply inconsistent with that 66-month recommendation. Counsel, let me take you back to the question that Judge Joe Flatt was asking you. And that or are there any cases that you rely on to establish that this was plain error here? In other words, are there any other cases where we've held that breach of the plea agreement is something that the court has to look at regardless of whether the defendant raises it? Yes, Your Honor. United States v. Romano. It's a 2002 case that's cited in our version. Counsel, that is true. I wrote that opinion. But it's based on evidence before the district court when the court commits plain error. This evidence was not underscored, not before the district court. Under the guideline sentencing system, it's a sea change over the old system. The old system was not an adversary sentencing system. I wrote an opinion in U.S. v. Stroggins in 1992 explaining this. Under the new system, you try a sentencing hearing. You try the sentence on the basis of the pre-sentence investigation report, which provides the same function as the pretrial stipulation in a civil case. It puts the issue before the judge. The judge then focuses on the objections to the PSI and any other evidence presented at that time and then decides. In this case, there was evidence presented to the district judge that had to do with the behavior of the defendant prior to the plea. It was all part of the PSI. None of it was objected to in the PSI. None. There was an objection to the ultimate finding of the probation officer that they should deny acceptance of responsibility. So that's all the judge had to rely on. I realize the government didn't understand what I'm talking about now. But that was the evidence before the court. There's no case that I know of in which we find clear error on the basis of evidence that was not before the district judge, which is this promise. That's why I say the law provides a remedy if your client has been wronged. The remedy is in 2255 on a collateral proceeding in which all of this comes out for the first time. Your Honor, if I may just respond to that over my time. Your Honor, I would just point to the difference in the weight of that evidence that we have that the district court had before it versus the weight of that evidence that the district court would have had absent the government's breach. And that is that the district court, absent the government's breach, would have had only denied- Your argument is that the government should have introduced evidence at the sentencing proceeding or said to the judge, this evidence of behavior before the plea is irrelevant. It's irrelevant because we agreed it would be irrelevant. And then, of course, what the judge would say is the lawyers cannot tell me what evidence is relevant and not relevant. I've got to follow the law. Your Honor, on the initial point, I would just say that the government was under no obligation to say that the alleged conduct was irrelevant. It just was under an obligation not to use that as a basis for opposing- The government didn't use it. It was in the pre-sentence report. The parties presented a pre-sentence report to the court, is what I'm trying to tell you. The parties, both sides, with one objection. That's right, Your Honor, but the government- If this were a civil case and there was a pretrial stipulation presented to the district judge at a trial, and the parties agreed to the pre-sentence stipulation, that's what it was, and they had one issue for the judge to decide, he decides that we wouldn't reverse the judge- That's right, Your Honor. If the evidence presented in the stipulation supported it. That's right, Your Honor. There's no objection to the district judge taking the alleged conduct, which was denied in the pre-sentence report into consideration, but- To find plain error, we have to find that the evidence was before the judge, and he should not have considered it. That's the problem. I'm not saying your client's not entitled today in court. My point is, he's entitled to file a 2255, at which time all of this could be aired, which was not done at the sentencing area. Your Honor, our only point in response would be that, absent the government's testimony and evidence, that the district court, there's a reasonable probability that he would have accepted the acceptance of responsibility and or issued a lesser sentence. Thank you, counsel. You've reserved three minutes for rebuttal. Thank you. We'll hear from Ms. Phillips. Ms. Phillips, do you understand the questions I was putting to your colleague? Yes, Your Honor, and- Do you understand that a sentencing hearing is an adversary proceeding, and that pre-sentence report basically serves the purpose of a pretrial stipulation in a civil case? Yes, Your Honor, and I believe- It presents the issues for the judge to decide. Yes, Your Honor, and I believe Your Honor's point about that information already being before the district court goes precisely to why there's no prejudice in this case, even if the government did plainly breach the plea agreement, which are arguments that it did not, but I want to jump straight to- I'm sorry, counsel. How can you say the government did not breach the plea agreement here? Your Honor, a straightforward reading of the language in the plea agreement leads us to that conclusion. The plea agreement expressly provides that the government reserves the right to oppose the two-level reduction for acceptance of responsibility. That's true, but it says, if you look at the language, it says, for new conduct, and new conduct would have been conduct that occurred after the time that the plea agreement was signed, and the conduct on which the government based its argument that he was not entitled to acceptance of responsibility was the conduct that occurred 11 days before the plea agreement was signed. How do you square those two things? Your Honor, respectfully, I disagree that the plea agreement requires that the conduct to oppose acceptance of responsibility only be within that time period. The time period under the plain language of the plea agreement is modifying when the triggering event occurs that releases the government from its obligation to not oppose acceptance of responsibility. Now, the plea agreement is clear. It says conduct after the date of the plea agreement or the entry of the plea. I mean, that's the language of the plea agreement. Yes, Your Honor, but the other language in the plea agreement, if you look at the entire sentence, the plea agreement allows the government to oppose acceptance of responsibility should it receive information indicating that between the date of the plea hearing and the date of the plea hearing, the defendant did act inconsistently with acceptance of responsibility. That happened here. The defendant did act inconsistently with acceptance of responsibility after the plea hearing, and under the plain language and the straightforward... What did he do that was inconsistent that you argued for before the district court? Your Honor, well, I think there's a distinction between what the government argued for at sentencing as a reason to deny acceptance of responsibility... ...and not on plain error. There'd be no question at all that there was a breach here of the plea agreement. First of all, the plea agreement is interpreted if there are any kind of ambiguities against the government. Second of all, the government specifically said we're basing our argument solely on his prior conduct that occurred 11 days before he signed the plea agreement. Are you disagreeing with that? Because maybe I'm misunderstanding the record here. I'll need some clarification on that. Your Honor, the government is not arguing that it didn't base its argument at sentencing against acceptance of responsibility on the conduct that happened pre-plea. But that's different than what the triggering event under the plea agreement is that allows it to make those arguments. Once that triggering event occurs under a plain reading of the... I'm so sorry, but the question here is whether the government breached the plea agreement. Whether there was a promise that the government made that it broke. Did the government not promise that it would recommend acceptance of responsibility for, among other things, if no new criminal conduct occurred? Yes, Your Honor. And that is what it did. Okay. Well, did it not then argue that solely based on the fact that criminal conduct had occurred after the indicted conduct, but before the plea agreement was entered, that he was not entitled to acceptance of responsibility? Yes, Your Honor. Okay. Why is that not a breach of the promise that was made in the plea agreement? Because the promise made in the plea agreement by the government was that we will not oppose acceptance of responsibility so long as you actually accept responsibility going forward. Counsel, I want to help my colleague out. What the plea agreement was that the government would make an argument at sentencing, would make an argument, and that induced the plea. That's where these breaches are. They induce the plea. And the remedy is not to say that the district judge made clear error on evidence that was before him and nothing else. He doesn't have this so-called inducement before him. Yes, Your Honor. But in this case, there was not a... The plea agreement doesn't place... It doesn't place any limitation on how or with what information... Unless the government induced the plea on that promise. Yes, Your Honor, but... Suppose that was an inducement to the promise, to the plea. But, Your Honor, the promise... What does the law say if the government induced him to plea? Let's assume those are the facts. He doesn't plead guilty. If the government is going to rely on that evidence, that's the inducement. What does the law say if that is correct, it was induced? Then, Your Honor, if the government broke its promise in that sense and it induced the defendant to plead guilty, then of course... But you set aside the guilty plea and go from scratch. No, Your Honor, not in this circumstance. If you have an induced guilty plea, the only remedy left is to vacate the plea. It was involuntarily entered. Well, Your Honor, that's not the remedy that Mr. Malone is even seeking. I know. He wants it done on direct appeal of the sentence, but that begs the question whether it's a remedy at all. Well, Your Honor, I would argue that there's not a remedy because there was no breach here and there certainly wasn't any prejudice. But I want to go back... I'm sorry. I'm sorry. Just one more time. You promised that the government, among other things, the government would recommend the two points or the acceptance of responsibility if the defendant did not commit new criminal conduct. Didn't you promise that? Yes. Well, no, not necessarily. Among other things is what I said. Yes. Yes, Your Honor. Then you argued that he committed new criminal conduct and that was the reason why the government, why the court should deny the acceptance of responsibility. Right? Is that right? No, Your Honor. That's what you argued in the district court. Your Honor, the government argued against his receipt of acceptance of responsibility based on the pre-plea conduct, but that's not... Okay. That's not the triggering event that allowed it to argue that as sentencing. But you never made any other argument at sentencing other than that he committed new criminal conduct. Isn't that true? In terms of the actual argument against acceptance of responsibility... What is there besides the actual argument? I mean, the actual argument is what we hear in court and that's what the judge is deciding on. Is it not? Yes, Your Honor, but again... And that being the case, why is it not a breach of your agreement that you would argue based on committing new criminal conduct only with respect to the criminal conduct aspect of this, that you argued that he committed new criminal conduct when in fact he did not? Why is that not a breach of the promise? Your Honor, the plea agreement, what allows the government to oppose acceptance of responsibility under the plea agreement is the defendant actively pleading and acting inconsistently with acceptance of responsibility. Once that happens, which it did in this case in the defendant's interview with probation, the government received that information... But again, that's not what was argued in the district court. I mean, is it fair to say that before the district court, the only thing that was brought up was allegedly his alleged engagement in new criminal conduct? Isn't that fair to say? In fact, didn't the prosecutor use the phrase, we're seeking it only on this basis? Your Honor, that is not the only argument that was before the court because of course there was probation's recommendation that also... I mean, I have to tell you, I find it a little disappointing that there's not an admission here that this violated the plea agreement. I understand, I mean, you may wind up prevailing anyway because of the problem of plain error, but it's concerning to me that the government doesn't recognize that this was a breach of the plea agreement. Well, Your Honor, the reason that the government is arguing this isn't a breach of the plea agreement is because the plain language of the plea agreement places no limitation on how the government can oppose acceptance of responsibility once the defendant has acted inconsistently with acceptance of responsibility. And you can imagine, you can envision a plea agreement. That may be true, but the government by its own terms said we're basing this only on his new criminal conduct. Isn't that what the government said? Yes, Your Honor. Okay. That being the case, it seems to me that that is the breach of a plea agreement. And, you know, I just am somewhat disturbed by the fact that the government seems to be fighting this when it seems so clear on the record. Well, Your Honor, the language of the plea agreement, again, does not place a limitation. All right. I don't want to take up all your time with it. You can go ahead. I think I've got your argument on that. Yes, Your Honor. Well, as I briefly mentioned earlier, even if the court disagrees and finds that there's a plain breach here, the defendant still has to show an extraordinarily high burden of prejudice. The defendant would have to show that a reasonable probability that but for the government's breach, he would have received acceptance of responsibility. And all of this information, he can't show that because all of this information was already before the court. The PSR in this case, there was over a page summary of not only the statements that the defendant made in his interview with probation. Even so, the court said that it was relying in part on the government's argument. Did it not? Yes, Your Honor. So we can't know for certain what the court would have done. Your Honor, I believe that we might be able to know for certain, but the defendant, it's the defendant's burden to show that there's a reasonable probability that but for that breach, there would be a different result. Does the government's argument carry weight? Is that important to a sentencing judge? Your Honor, of course, the government's argument carries weight, but the defense counsel's argument carries weight as well. And in this case, in the record, again, all of this information was already before the court. Counselor, do you know what troubles me about the government's behavior? The government cannot bind a district judge to decide facts in a certain way. The government can argue that the court should not do this or that based on the evidence before the court. But when the government says, I'll make a promise to do this at sentencing, all the government's doing is making an argument. And it's meaningless. The problem is that when the government makes these promises and they do it all the time, they're inducing behavior on the part of the defendant at the time of the plea. And the government knows when they do that, that it wouldn't make any difference whether they argued at sentencing or not, if the evidence is going to be there. But they induce the plea. That's the problem. And defense counsel, they don't know. They allow it to happen. Defense counsel should never accept a government's representation. Here's what I'm going to do at sentencing. Because the government can't put the judge in a box. Do you understand that? Yes, Your Honor. The judge has to operate on the evidence before him at the time of sentencing. Yes, Your Honor, and that's precisely why there's no prejudice in this case. That may well be, but you induce the plea. If that's the evidence. If the evidence is that he wouldn't have pled guilty but for the plea, it was induced that it's involuntary. And that's how the law treats it. Yes, Your Honor, but again, going back to the standard. How do we decide this issue on a record that doesn't have it in it? The so-called breach is not in the record. It's not before the district judge. There's nothing about the breach before the district judge at sentencing. Yes, Your Honor, you're correct. Do you know of any case on direct appeal where we operate on evidence that wasn't before the judge? Your Honor, I believe in United States v. Puckett, the Supreme Court applied plain error review to a situation where the defense counsel did not object on the basis of a breach of a plea agreement at sentencing. And then ultimately the Supreme Court considered that breach for plain error review. And was that on direct appeal of a sentence? Or was that on collateral tax? That's on collateral. Those are the things on collateral tax that the lawyer was ineffective. It's an ineffective assistance case. Your Honor, I can't recall off the top of my head if that was the circumstance. If the court talked about the lawyer's ineffectiveness of not objecting, they're talking about ineffective assistance counsel. And that's a collateral proceeding. I understand, Your Honor. I see that I don't have much time left, but I just wanted to, again, hit on Your Honor's point that the court was in no way bound by the parties plea agreement in this case. All of the information, all of the factual information regarding the defendant's failure to accept responsibility was before the district court. And based on that information and the record and even the district court's statements that in denying acceptance of responsibility, the defendant still can't show prejudice in this case or that he would have received acceptance of responsibility. Is language in the plea agreement your standard language? Yes, Your Honor. Now, you would avoid this problem if you just change your language to say post arrest or post arraignment he hasn't committed any new conduct. Your Honor, that is an option. Again, based on the plain language of the plea agreement, the government believed that at the point that the triggering event occurred, it was free to oppose acceptance of responsibility on any grounds that the defendant opened the door at that point. And we see that in other criminal contexts. For example, a proffer agreement where the government agrees that it will not and cannot use information provided to it by the defendant unless the defendant takes some action inconsistent with that or that allows the government to do so. Okay. I didn't mean for you to re-argue the same point that you don't think you breached the plea agreement. All right. Thank you, counsel. All right. Mr. Phillips. Your Honor, just a couple of points on rebuttal. The government spent about 10 minutes going back and forth with the court about the language of the agreement. If that tells us anything, Your Honor, I think it tells us that at best the government, the plea agreement that the government drafted is ambiguous as to the point of whether the alleged interview with probation was a trigger for the opposition to the two-level reduction at sentencing. And again, Judge Rosenbaum, to your point, that was never mentioned at the sentencing reliance on the interview with probation. In fact, the government attorney at sentencing said that they were not privy to that interview with Mr. Malone. And, Your Honor, as this court has said that, you know, in interpreting these plea agreements, it's important to keep in mind that this should be read as a reasonable defendant who is waiving his solemn, making the solemn decision to waive his constitutional rights, how a defendant in those shoes would read the agreement. To me, it seems unthinkable that Mr. Malone would think that his interview with probation and the statements that at least the PSR reflect that he made to probation allowed the government to then oppose the two-level reduction for acceptance of responsibility. I would urge this court to take a look again at the PSR itself at page 9, where Mr. Malone is admitting to all the underlying conduct for the charges at issue here. He's showing remorse not only for his conduct but for the victims of his conduct. That, to me, looks a lot more like acceptance of responsibility than not. And, Your Honor, if I could just spend my little over last-minute discussion of a plain error point. Again, it's important. We're dealing with counterfactuals, and that's difficult, but it's important to remember that as the government's breaching conduct, you have no argument from counsel about government counsel about pre-plea agreement alleged conduct. You have no witness who's testifying to that alleged conduct. You have no commentary from the government undercutting their own 66-month recommendation where the United States attorney standing there as an agent of the United States government says, Your Honor, if it were up to me, the sentence would be double or triple what we're recommending today. No insinuation. Wait a minute. That comment was made in reaction to the defendant's request for a downward variance. That's certainly correct, Your Honor. I would point to paragraph 2 of the plea agreement where there's no express carve-out or caveat in the recommending the within-guidelines sentence. And, Your Honor, it's our position that the government was well within its rights to oppose the downward variance motion and to forcefully do so, but what it could not do, and frankly, Your Honor, it could have done so while still recommending that within-sentence guidelines, but what it couldn't do is undercut that argument and make an argument that's flatly inconsistent with the 66-month recommendation. If there are no further questions, we ask that this court vacate and remand for recents. Thank you, counsel. I see that you are court-appointed. We very much appreciate your service, and we thank you for your time and effort. Thank you very much. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.  Thank you.